## JOHN P. ROBINSON AND ELIZABETH ANN ROBINSON, Respondents, *v.* PACIFIC STATES SAVINGS, LOAN, AND BUILDING COMPANY, Appellant.

Decided on the authority of *Howells* v. *Pacific States Savings, Loan, and Building Company*, 21 Utah, 45.

(Decided February 12, 1900.  Petition for rehearing denied April 17, 1900.  Case appealed to the Supreme Court of the United States.)

Appeal from the Third District Court, Salt Lake County, Hon. Ogden Hiles, *Judge.*

Action to have a certain contract with a building and loan association declared unconscionable; that the loan from said company be declared a simple loan, and that the mortgage securing the same be declared fully paid and canceled.

From a judgment for plaintiff, defendant appealed. *Affirmed.*

BARTCH, C. J.

This action was brought by the plaintiffs against the defendant company to have a certain mortgage debt declared fully paid, and to recover of the company $139.94, claimed to have been overpaid on the obligation in the shape of dues on stock.  At the trial the court, by its decree, adjudged the indebtedness paid in full and entered judgment in favor of the plaintiff in the sum of $139.94, and for costs.  This appeal is from the judgment.

From the evidence it appears that on September 14, 1891, the plaintiff, John P. Robinson, at Salt Lake City,

Utah, subscribed for 20 shares of the capital stock of the defendant company. On July 29, 1892, his number of shares was reduced to 12, and he then procured a loan of $600. To secure the loan the plaintiffs executed a bond in the sum of $1200, and also executed a mortgage on certain real estate as further security. At the time of procuring the loan six of the shares of the stock were assigned absolutely as premium, and the remaining six shares were assigned as collateral security, to the defendant company. The borrower was thereafter, until each share of stock would mature, that is, be worth $100, to pay $7.20 dues on the stock per month, or 60 cents per share, and interest on the loan monthly at the rate of six per cent per annum. It further appears in evidence that the agent of the defendant, at the time of the subscription to the stock, represented that, according to the earnings of the company, the stock would mature in from six to six and a half years, and that about 85 monthly payments of dues were made on the stock, and the interest on the loan paid for a period of about seven years. From plaintiffs' exhibit "G" it appears that there is a balance due them in the sum of $139,94 for dues overpaid on the stock.

The other material facts are substantially the same as those in the case of *Howells, et al.*, v. *Pacific States Savings, Loan, and Building Company*, 21 Utah, 45. In each case there is the same defendant, and the legal questions presented in each case are the same.

Under all the facts the decree herein appears to be correct, and on the authority of the Howell's case, the judgment must be affirmed.

It is so ordered.

MINER, J., and BASKIN, J., concur.